### GEORGE H. WILLIAMS and others v. JAMES H. CARRINGTON.

The acceptance by a creditor, from his debtor, of a sum less than the entire debt in full payment and discharge, and the giving of a receipt therefor. expressed to be in full, does not operate to discharge the debtor. He can be discharged only by a release under seal.

But a mutual agreement by various creditors with each other to receive from a debtor a sum less than their respective claims, or such an agreement by a single creditor with his debtor, upon the faith of which other creditors are induced to make a similar compromise, is binding. The benefit which each creditor gains by the engagement of the others to forbear, and. the consequent securing of a fund for the mutual benefit of all, is a sufficient consideration to sustain such an agreement.

*It seems* that where the debts lie in simple contract the composition agreement may be by parol.

C., having made an agreement with a number of his creditors to compromise at the rate of forty cents on the dollar, made a similar agreement with one W., to whom he paid forty per cent. of his indebtedness to him, receiving from him a receipt in full. He also gave him a sealed agreement to give his note for forty per cent. additional as soon as his compromise should be completed with all his creditors, on condition that W. would sign a paper purporting to compromise his claim for forty per cent. The latter engagement was never performed.

*Held*, there being no evidence that the other creditors of C. were induced to com-promise by the action of W.; that W. was entitled to recover the balance of his debt from C.

APPEAL by defendant from a judgment of the Marine Court. The defence was accord and satisfaction by a compromise, by which the plaintiff agreed to, and did receive forty per cent. of his claim in full payment and discharge. The facts are fully stated in the opinion of Judge Ingraham.

H. & C. S. Andrews, for the appellant.

McCunn & Moncrief, for the respondents.

INGRAHAM, FIRST JUDGE.—The defendant, having made a composition with several of his creditors at forty cents on the dollar, made a similar agreement with the plaintiffs, by which he agreed to pay the plaintiff forty cents, and did thereupon pay to the plaintiffs the amount of such per centage, and received from them a receipt, purporting to be in full of account. The defendant also, on the day previous, gave a sealed instrument, by which he bound himself to give his note at twelve months for an additional forty per cent., as soon as his compromise should be effected, on condition that the plaintiffs would sign a paper purporting to compromise his indebtedness to them for forty cents.

It was never completed, and the plaintiffs now bring this action for the debt due them. If the plaintiff had signed a composition deed with other creditors for a fixed rate, any private agreement for a further sum would be void, and the plaintiffs would be bound by their compromise. But such a principle does not extend to a mere agreement by the debtor with his creditor to pay a less sum than the debt and be discharged. Nor, if carried out, is a mere receipt in full a bar to an action for the balance of the debt, if it appear that only a part of the debt has actually been paid.

But it is not necessary that a composition deed should be actually signed by the party in order to make the composition valid. If the claim of the creditor is a simple contract, a parol agreement to compromise, by which other creditors are led also to

compromise 'upon the faith of such a parol agreement, is valid, and discharges the debt. *Bradley* v. *Gregory*, 2 Camp. 383; *Steinman* v. *Magnus*, ibid. 124. In *Fellows* v. *Stevens* (24 Wend. 294), Justice Cowen says, "Where the debts reside in simple contract, I see no reason, if clearly proven, why an oral composition would not be equal to any other."

In *Heath* v. *Crookshanks* (2 T. R. 24), it was held that such an agreement was not binding merely as an accord, without payment and acceptance of the amount. But, on payment and acceptance, such a composition would be held valid.

In the present case, the creditors received the forty per cent. which they had agreed to accept, and gave a receipt therefor in full, and the account on the plaintiffs' books was carried to profit and loss. The agreement which the plaintiffs took from the defendant, to pay a further forty per cent., was not to *be binding until the compromise was concluded*, and one of the plaintiffs, who was examined as a witness, says that some of the creditors called to see them in relation to the compromise; but there is no evidence that the plaintiffs ever executed any compromise deed, or that any other creditor was ever induced to enter into a compromise with the debtor in consequence of such an agreement with the plaintiffs. Before the defendant is entitled to such a defence, he should have established one or the other of these facts. No proof was offered in regard to either, and the case is then left with the mere agreement to pay a less sum than the debt in discharge of the whole, and a receipt in full given therefor. It is well settled, that the payment of a less sum than the real debt will be no satisfaction without a release under seal. *Seymour* v. *Minturn*, 17 J. R. 169.

The receipt is not conclusive upon the parties. It does not show that the debt is paid in full, but that a debt of a larger sum was paid in full by the payment of $130. The evidence is not to alter the written paper, but to show that the debt cancelled by the payment of $130 was much larger.

There is nothing in the rule against varying written instruments by parol which would have excluded the evidence; and

even if there was, the defendant did not except to it when offered.

There is no ground on which we can interfere with this judgment, and the same should be affirmed.

DALY, J.—It was essential, in this case, to show that other creditors had consented to accept the forty per cent. in discharge of their claims in consequence of the plaintiffs' consenting to do so. The consideration which supports such an agreement, when it is not under seal, is the mutual understanding, among all who become parties to it, that each is to take the composition agreed upon, and forbear further to press or insist upon their claims. It is said in *Good* v. *Cheesman* (2 Barn. & Adolph. 328), by Lord Tenterden, "that a creditor shall not bring an action where others have been induced to *join him* in a composition with the debtor; each party giving the rest reason to believe that, in consequence of such engagement, his demand will not be enforced. This is, in fact, a new agreement, substituted for the original contract with the debtor; the consideration to each creditor being the engagement of the others not to press their individual claims." It must appear that the act of the plaintiff, in accepting the forty per cent., operated as an inducement to other creditors to do the same, otherwise it is but the acceptance of a lesser sum for a greater, which is no satisfaction. Thus in *Lowe* v. *Equitar* (7 Price, 604), the plaintiff agreed with the defendant to execute a deed of composition with the other creditors, and take the benefit of the composition with them, in consideration, that the defendant would also deliver to him a picture of the value of £500. The picture was delivered and accepted by the plaintiff in full satisfaction of his claim, and the defendant and all the other creditors, *except the plaintiff*, signed the composition deed. The plaintiff sued for the original debt, and a plea setting up these facts was held to be no bar. I am inclined to think, from the report of this case, that the picture was accepted in lieu of, or as a payment of the composition, and if so, it was a case, in its essential features, like the present. Where creditors meet

together, and the terms of the composition are arranged, as was the case in *Cockshot* v. *Bennett* (2 Term Rep. 763), or as in *Good* v. *Cheesman, supra*, put their names to an agreement or memorandum of the term, all the creditors present at such meeting, or all who sign the writing, enter into a mutual engagement, each with the other, to accept the amount proposed by way of compromise, and to forbear further to insist upon their claims. Where creditors thus mutually agree with each other, the beneficial consideration to each creditor is the engagement of the rest to forbear. A fund is thereby secured for the general advantage of all; and if any one of the parties were allowed afterwards to enforce his whole claim, it would operate to the detriment of the other creditors who have relied upon his agreement to forbear, and might even deprive them of the sum it was mutually agreed they should receive, by putting it out of the power of the debtor to carry out the composition. I know of no case, however, in which an acceptance, by a creditor from his debtor, of a certain sum in discharge of his debt, where other creditors have done the same, has been held to be a satisfaction, unless there was something in the case to show that the other creditors acted with the knowledge of his concurrence, and it could be assumed that their agreement necessarily contemplated and was founded in the benefit and advantage to be derived from his agreement also to forbear—in the language of Lord Tenterden, that they "were induced to join him in the composition." It is very probable, in this case, that such was the fact—very probable that the plaintiffs signed the composition, but nothing of the kind appears in the evidence. For all that appears in the testimony, the other creditors may have accepted the forty per cent. without knowing that the plaintiffs had received that sum, or had agreed to accept it. We would not be justified in presuming, upon this evidence, that they did, against what must be regarded as a direct finding by the judge below, that they did not. We would have to hold that the judgment he gave was against evidence, and we could not, I think, go that length.

The judgment must be affirmed; but, as the question is not

very fully discussed by either party upon the written argument submitted, and as it is of a good deal of practical importance, I think the defendant should be allowed, if he wishes it, to carry the case to the Court of Appeals.

BRADY, J., dissented.

Judgment affirmed.