Mayer v. Townsend.

## New York Marine Court.

*Trial Term—June, 1881.*

## FANNY MAYER, EXECUTRIX, &c., *against* RANDOLPH W. TOWNSEND, ET AL.

Where one of the members of a firm of attorneys signed a paper in which they said "they would charge no costs or counsel fees" in a certain case ; no consideration was expressed. *Held*, that this did not release the defendant from his liability to pay for the services rendered in said case up to the time of said writing.

Trial by the court without a jury.

McADAM, J.—The nondescript writing signed by the departed Goldsmith is not the agreement under which the defendants were employed, because $107.50 had been earned by them before said writing was given. As to this $107.50 the writing is inoperative for several reasons. 1. It is not what is technically known as a release, because not in the form of a deed under seal (2 *Burrill Law Dic.* 880, tit. "Release ;" Williams *v.* Carrington, 1 *Hilt.* 515). 2. It nowhere uses the word gift, nor any apt words indicating that a gift was intended, and in this respect the case differs from Gray *v.* Barton (55 *N. Y.* 65). In that case, the plaintiff first credited one dollar which the defendant paid, and then closed the account by this entry : "*By gift*, to balance account $820.91," and finally consummated the act by giving the defendant a receipt in full. The court held that these circumstances were sufficient to prove an executed gift. There is no such proof in this case. All executory gifts *inter vivos* may be avoided by the donor, as a promise without consideration, unless in writing under seal (1 *Parsons on Cont.* marg. p. 236). 3. The promise not to charge any costs or counsel fees is valid as to services thereafter to be rendered, but being without consideration and not un-

der seal, did not discharge the then existing liability to pay for the services previously rendered. This results from the. fact that the writing was not valid either as a release or gift (for illustrations, see 1 *Chitty on Cont.* 11 Am. ed. 60; *Leake Law of Contracts*, 10).

Addison, in his work on Contracts, at p. 12 says: "It is right and proper that courts of law should decline to enforce mere gratuitous promises, unless the parties take care to clothe them with those legal formalities which are presumed to manifest due deliberation and reflection. Gratuitous promises and undertakings not clothed with the formalities prescribed by the civil law to render them legally binding, are termed by the civilians naked engagements, and did not induce any legal rights, for it was thought better to let such contracts rest upon the mere integrity and good faith of the parties who contracted them than to subject them to the compulsory authority of the law."

The fact that the defendants are practicing lawyers does not in any way militate against this rule nor prevent its full application to the present case, it not appearing that the defendants were guilty of any misconduct to their client. 4. The promise not to charge any costs or counsel fees would not have furnished a valid defense to an action by the defendants, to recover $107.50, the value of the services previously rendered, and is not therefore sufficient to found an action to recover back the $107.50, subsequently paid by Mayer's legal representative, even under a mutual mistake of fact. 5. In arriving at these conclusions, I have treated the writing as in legal effect signed by all the members of the defendant's firm, and upon the theory that Goldsmith, as one of the firm, had full power to discharge any debt due to it, provided he clothed the act with the legal solemnities required to give validity to the instrument.

According to these views, the plaintiff has no cause of action, and the defendants are entitled to judgment.