Larremore, C: J.
Two causes of action were alleged in the complaint upon transactions between Henry Thornton, *83 J. G-. T. Child and others, the plaintiff’s assignors, and the St. Paul and Pacific Railway Company, the predecessor of-the St. Paul and Chicago Railway Company, a corporation of the state of Minnesota. The first cause of action was based upon a contract made August 4, 1865, between the Pacific Railway Company and Thornton and Child to grade a railroad from Winona to St. Paul, in the state of Minnesota, or furnish the money therefor.
The second cause of action refers to the contract above mentioned, and then sets up a subsequent contract between the parties, dated June 9, 1868, reciting the furnishing of money by Thornton and his associates in the interest of the company, which it was agreed amounted to the sum of £14,870 6s 3d. This latter agreement also provided for the delivery to Child of the first mortgage bonds of the company to the amount of $140,000, par value. The agreement contained many other provisions and stipulations which it is unnecessary now to consider, because at a previous trial of this action the court allowed the plaintiff to withdraw a juror in order to produce proof of the actual expenditure under the contract of 1865 for constructing the branch road from Winona to St. Paul, on condition that plaintiff waive the benefit of the subsequent contract as an admission of a statement or settlement of account for such expenditures. The plaintiff accepted the condition, the case was retried and the complaint dismissed. From the order dismissing the complaint the plaintiff appeals.
The case is thus narrowed down to the question of an account stated between the parties, and whether or not there was any evidence to be submitted to the jury upon this point.
The contract of 1865 is admitted by the answer. The testimony shows that advances to the amount claimed were actually made. It also appears that an account was sent to the defendant, to which it is claimed that no objection was made.
The testimony is too voluminous to refer to in detail, hut after a careful inspection of it I think the question as to an account stated should have been left to the jury. Lockwood v. Thorn, 11 N. Y., 170; 18 N. Y., 285.
The testimony of Edmund Rice, president of the company, and the correspondence had between the parties, was proper evidence from which to infer an agreement. Rice was acting within the general line of his duties as president, and under the ruling of The Chemical National Bank v. Kohner (85 N. Y., 189, reversing 8 Daly, 530), it does not seem that a vote of the directors of the company was necessary to give validity to the contract.
While the plaintiff was precluded by his stipulation upon *84 the former trial from using the contract of June, 1868, as evidence or an admission of an account stated, it certainly was evidence as to any other recital contained in it showing the relations of the parties.
It appears to me that all the evidence not covered by the waiver of stipulation should have been submitted to the jury to determine whether or not the defendant had ratified and accepted the act of its predecessor.
The question as to jurisdiction comes too late. It was not raised in the court below, and after two trials without objection on that point, it must be assumed that the parties to the action have voluntarily submitted to the jurisdiction of the court.
But for the reasons above stated, I think the judgment should be reversed and a new trial ordered, with costs to abide the event.
Allen and Bookstaver, JJ., concurred.