DANIEL B. HALSTEAD and Another, as Executors, etc., of CALEB D.
GILDERSLEEVE, Deceased, Plaintiffs, *v.* HENRY S. IVES and Others,
Defendants.

*General assignment — composition with creditors — scope of a decree of the court
upon the assignee's final accounting — evidence as to a release of the debtor's entire
liability, as a bar to an action by a creditor upon his debt.*

No power is conferred upon the court by the provisions of the General Assign-
ment Act relating to compositions with creditors (Laws of 1877, chap. 466,
§ 20, subd. 6), to determine on a final accounting by the assignee thereunder,
that a compounding creditor has released the assignor from all liability on his
debt, and an adjudication to that effect in such a proceeding is void and of no
effect.

If a creditor executes or assents to a composition executed by other creditors of
a general assignor, by which the debtor is discharged from his debt, such dis-
charge, if pleaded as a bar to an action brought on the debt, must be estab-
lished by producing it, if in writing ; the recital in a decree of the court, made
in a proceeding under the statute for a final accounting by the assignee after
such composition, to the effect that the creditor had so executed or assented to
the composition, is not evidence of the fact.

The doctrine, that an oral agreement between several creditors and their debtor
to compound and discharge their claims is valid, cannot be invoked where there
is no legal evidence of any composition or release before the court.

Upon an issue litigated between a creditor and his debtor as to whether the debt
in suit had been released and discharged, evidence that after the alleged release
the debtor recognized the right of the creditor to apply upon the debt the
proceeds of collateral security held by him, is relevant.

MOTION by the plaintiffs, Daniel B. Halstead and George Gilder-
sleeve, as executors of Caleb D. Gildersleeve, deceased, to set aside
a verdict directed for the defendants and for a new trial, made on a
case containing exceptions ordered to be heard in the first instance
at the General Term, by an order made at the New York Circuit on
the 15th day of May, 1893.

This action was brought to recover on a promissory note, made
July 5, 1887, by the defendants under their firm name of Henry S.
Ives & Co., whereby they promised to pay to the order of Caleb D.
Gildersleeve $15,000 on demand, with interest.

The only defense interposed is that on the 8th day of March, 1890,
the defendants entered into a composition with some of their creditors
whereby the latter agreed to discharge the former from all liabilities

of every kind and nature; that thereafter the plaintiffs' testator assented to said composition, and July 17, 1890, accepted $881.37, being five per cent on the amount of his claim as established on the accounting, in full of the note in suit, and thereupon the defendants were released and discharged from all liability thereon.

August 11, 1887, Henry S. Ives & Co., being insolvent, made a general assignment of their firm and individual property for the benefit of creditors.

March 14, 1890, the assignee petitioned for a final accounting, and on the fifth of May following a referee was appointed to take, state and report the assignee's account. The order of reference, among other provisions, contained the following:

" Ordered, that said referee take proof of the composition between said assignors and their creditors, and ascertain and report the character and value of the assets of said assigned estate, and what proportion of the fund shall be paid to or reserved for such creditors entitled to share in the distribution of the same, who have not and do not assent to said composition."

When this order was made the plaintiffs' testator had not proved his claim, but by an order made June 6, 1890, he was granted permission to prove it before the referee, which he did, and it was found to be $17,629.50.

June 11, 1890, the referee made his report, which, however, was not introduced in evidence, and the only knowledge we have of its contents is derived from the recital contained in the final order entered on the accounting. The order recites: " By which said report it appears that on or about the 8th day of March, 1890, the above-named assignors, and each of them, and certain of their creditors, made and entered into and executed and delivered a composition agreement in writing, under seal, by the terms whereof the creditors executing the same, for the consideration therein stated, did mutually covenant and agree to and with said assignors, and each of them, that upon the entry of final decree in this proceeding directing the assignee to release the assets and assigned estate to the assignors, they, the said creditors, will severally accept, receive and take of and from the said assignors for each and every dollar owing by them to said several creditors the sum of five cents in cash, to be

paid within forty days after the entry of such decree ; and, further, that upon the making to said creditors of the above-mentioned payments, after such decree as aforesaid, the said assignors, and each and every of them, should thereby be released and forever discharged of and from all claims, debts, demands and liabilities of every nature, kind and description to said creditors ; and it further appearing by said report that the following creditors proved claims before said referee, and have executed and delivered said composition agreement, namely." (Here follow the names of the creditors and the amount of their claims who executed the composition deed.)

"*Also, that the following-named creditors of said estate have assented to said composition, but have not executed the said agreement, namely :* \* \* \* *C. D. Gildersleeve, $17,629.50.*"

This decree was granted July 14, 1890, and adjudges that the referee's report be in all respects confirmed, and his findings are adopted by the court. It also adjudges that the assets in the hands of the assignee be restored to the assignors upon their paying, within forty days, five per cent upon the amount of the claims established, and that the assignee and his sureties be discharged. It was also adjudged : " *Upon the payment to the following-named creditors, who have assented to the composition but have not executed the agreement, or upon payment into court to their said order, of them and each of them, of the sums of money set opposite to their respective names, to wit :* \* \* \* *C. D. Gildersleeve, $881.37,*" etc.

*John A. Taylor*, for the plaintiffs.

*Archibald L. Sessions*, for the defendants.

Follett, J. :

The accounting was a special proceeding, prosecuted under the General Assignment Act (Chap. 466, Laws of 1877), from which the court derived its powers. The only provisions in the act relating to compositions with creditors or assignors are found in sections 20 and 22 :

" § 20. On a proceeding for an accounting under this act, the County Court shall have power \* \* \*

" 6. On proof of a composition between the assignor and his creditors, to discharge the assignee and his surety from all further

liability to the compounding creditors appearing or duly cited, and to authorize the assignee to release the assets to the assignor, provided, however, that if there be any creditors not assenting to the composition, the judge shall determine what proportion of the fund shall be paid to or reserved for creditors not assenting, which shall not be less than the sum or share to which they would be entitled if no composition had been made, and may decree distribution accordingly."

Section 22 provides that decrees shall have the same force and effect as though made in actions, and then follow directions in respect to the entry of orders, a reference being made to orders, releasing assets to assignors.

We find no warrant in the General Assignment Act, or in any precedent in the reports, authorizing the court, on a final accounting, to adjudicate that a creditor by "a composition" or by assenting to the terms of such an instrument executed by other creditors, has discharged his debtor from all liability. The section quoted authorizes the court, by its decree, "to discharge the assignee and his surety from all further liability to the compounding creditors appearing or duly cited," but it does not authorize the court to adjudge that the assignor has been or that he be discharged from all liability to such creditors. An agreement by the creditors that the assigned estate be restored to the assignor; and that the assignee be discharged without providing for the discharge of the assignor from his debts, would be quite sufficient to authorize the court to make the adjudication provided for in the sixth subdivision of section 20. If a creditor executes or assents to a composition executed by other creditors, by which his debtor is discharged from his debt, well and good, but the decree of the court that he has so executed or assented, is no evidence of the fact. In case an action is brought on the debt, and a discharge thereof is pleaded, it must be established by producing it, if in writing, as in this case.

Under subdivision 6, above quoted, the county judge or court has power : (1) To discharge the assignee and his sureties from all further liability to the compounding creditors appearing or duly cited ; (2) to authorize the assignee to release the assets to the assignor ; provided, however, that if there be any creditors not assenting to the composition, the court shall determine what proportion of the fund

shall be paid to or reserved for creditors not assenting, which shall not be less than the sum or share to which they would be entitled if no composition had been made; (3) to decree distribution accordingly. Other powers are conferred, which may be exercised upon an accounting, but they do not relate to compositions, and are not germane to the question under discussion. We think it is very plain that no power is conferred upon the court by this statute to determine on a final accounting that a compounding creditor has released the assignor from all liability on his debt, and that an adjudication to that effect being beyond the power of the court, and not within the issues raised by the proceedings, is void and of no effect. It is not necessary to cite authorities to show that an adjudication which is beyond the power of the court to make, or that a determination of a question not involved in an action or in a special proceeding in which it is made, does not estop the litigants or their privies.

The only evidence offered to show that the plaintiffs' testator had agreed to release the defendants is found in the recitals in the final decree, which are italicized in the statement of facts, which were not competent, and the plaintiffs' objection to their reception in evidence should have been sustained. The composition deed was not put in evidence, and we have no knowledge of its terms except such as we have derived from the recital quoted from the final decree. It was not asserted at the trial that plaintiffs' testator had executed this or any other composition deed or release, and, as before stated, the only evidence that he assented to the deed is contained in the recitals, which were not relevant.

The defendants insist that an oral agreement between several creditors and their debtor to compound and discharge their claims is valid. This is true. (*Fellows* v. *Stevens*, 24 Wend. 294; *Chemical Nat. Bank* v. *Kohner*, 85 N. Y. 189.) But in this case no legal evidence of any composition or release was before the court.

Again, the plaintiffs offered to show, but were precluded from showing, that there was in fact no such agreement. This was error.

As bearing upon the question whether the debt had been discharged, the plaintiffs offered to show that long after the entry of the final decree the defendants authorized the sale of bonds held as collateral for the payment of the note, and directed that the avails be applied thereon, which was excluded. This was error. The

release of a debt presumptively discharges all collateral securities held by the creditor for the debt released. (*Cowper* v. *Green*, 7 M. & W. 633; Leake Cont. 926, 625; 2 Chitty Cont. [11th Am. ed.] 1159.) The fact that the defendants recognized the right of the plaintiffs to the proceeds of the collateral was relevant to the question in issue between the litigants.

The plaintiffs' exceptions are sustained, the verdict set aside and a new trial is granted, with costs to them to abide the event.

PARKER, J., concurred; VAN BRUNT, P. J., concurred in the result.

Plaintiffs' exceptions sustained, the verdict set aside and a new trial granted, with costs to them to abide the event.