Van Brunt, P. J., and Parker, J., concurred.

Plaintiff's exceptions sustained and a new trial ordered, with costs to him to abide event.

---

Matilda Teschmacher, Respondent, *v.* August Lenz, Appellant.

*Failure to pass upon requests to find — partnership accounting as to profits of real estate retained by one partner subsequent to a dissolution — conclusions of a referee based on reasonable inferences, not disturbed.*

The refusal or failure of a referee to pass upon requests to find, submitted on behalf of one of the parties to an action, on the trial thereof before him, in no way affects the validity of his decision or report, where the person submitting such requests has been in no way injured by such referee's refusal or failure to act, by reason of the fact that the referee in his report has found upon every question submitted to him, provided his findings and conclusions as made present all the questions that the party making such requests could have raised by exceptions to the refusal of the referee to find such of his requests as were pertinent.

Although there can be no accounting between co-partners, in regard to the profits of their partnership business, subsequent to the time of the dissolution thereof, yet one of such partners, if the other has taken possession of real estate belonging to the co-partnership, can recover his share of the rents and profits thereof collected and retained by his co-partner subsequent to the dissolution of the partnership.

Real estate bought with the money of a partnership for the use of the firm is firm property, although the title thereto be taken in the name of an individual member thereof; this fact of the partnership ownership may be proved by parol evidence, and the Statute of Frauds has no application to such a case.

Upon an accounting had before a referee, directed to take and state the account in an action brought to dissolve an alleged co-partnership and to compel an accounting for the partnership property, the best testimony that the plaintiff could give was furnished, and the defendant failed to meet the case presented against him, abandoned the controversy, and left his counsel to wage a contest practically alone with the plaintiff and her witnesses, presenting no denial or account.

*Held,* upon an appeal from a judgment in favor of the plaintiff, that the defend-
ant had no cause to complain if, from such evidence as was furnished, with a
view to giving the plaintiff her full rights in .the property acquired by their
joint energy and labor, the referee reached conclusions adverse to the defend-
ant, based upon reasonable inferences from the testimony given before him.
VAN BRUNT, P. J., dissenting.

APPEAL by the defendant, August Lenz, from an interlocutory
judgment of the Supreme Court in favor of the plaintiff, entered in
the office of the clerk of the county of New York on the 14th day
of July, 1892, upon the decision of the court, rendered at the New
York Special Term, adjudging that the plaintiff and defendant
were co-partners, and appointing a referee to take and state an account
of their dealings as such, and also from an order made at the New
York Special Term, and entered in said clerk's office on the 10th
day of February, 1893, appointing a referee, and also from the
report of said referee filed in said clerk's office on the 30th day of
March, 1893, and also from an order made at the New York Special
Term, and entered in said clerk's office on the 19th day of April,
1893, confirming the report of the referee, and also from the final
judgment entered in said clerk's office on the 11th day of May, 1893,
upon the report of such referee.

*Frederick A. Botty* and *John Fennel,* for the appellant.

*Henry W. Smith,* for the respondent.

O'BRIEN, J. :
The plaintiff, claiming to have been the partner of the defendant
from December, 1885, until the fall of 1890, brought this action for
a dissolution of the firm and an accounting. The partnership was
denied, but upon the trial at Special Term the learned judge found
in favor of the plaintiff's contention that there was a co-partnership
which commenced in December, 1885, and terminated on the 26th
of September, 1890, and referred the matter of the accounting to a
referee. No exceptions were taken to the admission or rejection of
evidence on the trial, nor were any requests to make findings of fact
or conclusions of law presented to the judge on behalf of the defend-
ant, and no exceptions were filed to the findings of fact and conclu-
sions of law made by the judge. When the plaintiff rested defendant

moved to dismiss the complaint on the ground of the insufficiency of the proof in regard to the co-partnership, which motion was subsequently renewed at the close of defendant's case; both motions were denied and exception taken, which were the only exceptions presented in respect to the proceedings at the trial. Thus, the only question as to the interlocutory judgment presented for review is, whether the evidence produced upon the trial was sufficient to sustain the judgment.

In addition to the plaintiff five other witnesses were examined, all of whom gave evidence more or less weighty, tending to support her testimony as to a co-partnership between the parties, and it was not error, therefore, for the judge to deny the motion to dismiss the complaint. The evidence adduced by the defendant denying such co-partnership presented a question of fact upon conflicting evidence, and upon a review thereof we do not think it can be justly claimed that the weight of such evidence was so clearly in favor of the defendant that we should interfere with the conclusion reached by the learned trial judge upon this disputed question of fact.

The more serious questions are those which were presented upon the accounting before the referee and upon exceptions filed to his report. The principal exceptions are those relating to the referee's findings of fact and conclusions of law, upon the ground that such are contrary to the evidence and the law. The appellant insists, in addition, that the referee made erroneous rulings upon the admission and rejection of evidence, but an examination shows that no substantial error in any way affecting the result was made, and these objections must be regarded, therefore, as untenable.

The defendant presented to the referee forty requests, which he no doubt wished to have found as findings of fact, and twenty-seven conclusions of law, which the referee refused very properly, as we think, to pass upon. There had been a trial upon the issue as to whether a co-partnership did or did not exist, and that was settled by the interlocutory judgment. But, entirely disregarding such judgment, the counsel for the defendant upon the reference called out on cross-examination of plaintiff's witnesses all the facts that he could elicit on this point, and many of his exceptions to the admission and rejection of evidence and most of his requests to find submitted to the referee were to obtain from him a decision reversing the

interlocutory judgment upon this question and requiring a finding upon practically every separate piece of evidence that appeared in the record. Very few of these requests were pertinent or put in any such shape that the referee could pass upon them conveniently, and where, as here, in total disregard of the practice relating to a reference under an interlocutory judgment or the questions which alone are for the referee to pass upon, counsel masses a great number of requests in such a way that the referee cannot be expected to entertain, much less pass upon them, he is not obliged to do so. (*Davis* v. *Leopold,* 87 N. Y. 620; *Sniffen* v. *Koechling,* 45 N. Y. Super. Ct. 61.) Nor does the omission to pass upon the few requests that were pertinent affect the validity of the decision or report. (Code Civ. Proc. § 1023.) The defendant was in no way injured by such refusal or failure, because the referee in his report found upon every question submitted to him, and those findings, with his conclusions, to which exceptions were filed, present all the questions that the defendant could have raised by exceptions to the refusal of the referee to find such of his requests as were pertinent.

From the testimony and the report it appears that the parties engaged in the business of sausage making, at first in a small way, and that they kept no books of account of the firm's transactions; that the money taken in during the week was laid in the safe in the store, the expenses being paid from this money as they accrued, and that on Sunday or Monday of each week the week's accumulations were counted up, the outstanding bills paid, and the remainder, or net profits of the business, were laid in a separate compartment of the safe.

The referee found that at the commencement of the business the defendant contributed $700 and the plaintiff $200, and to this finding the defendant excepts, upon the ground that it is conceded that the $200 was never so contributed by the plaintiff. As a matter of strict accuracy, the appellant is right, the testimony showing that the plaintiff had $200 for contribution, but that it was never actually contributed because, according to her statement, the defendant requested her to hold it until it should be needed. No injury has been done the defendant, however, with respect to this $200, because, although the referee finds that it was contributed, it is deducted from the amount coming to the plaintiff, so that, she being

First Department, December Term, 1894.          [Vol. 82.

both credited and debited with it, the one offsets the other, the referee expressly holding that she was not entitled to be allowed that amount on the division of the proceeds of the co-partnership.

There is some evidence showing what moneys had been accumulated as profits of the business, and what division thereof between the parties had been made down to April, 1888, and that from this latter period to October first in the same year no profits were made. From October 1, 1888, to May 1, 1890, a period of eighty-three weeks, the referee finds that the average weekly net profits were $154.28, and to this finding the appellant most strenuously objects, upon the ground that it is entirely unsupported. In this sweeping statement we think the appellant is in error. It is true that the testimony upon this point is very unsatisfactory and somewhat problematical, but the plaintiff and one other witness gave testimony as to the variations in the profits during a period of seven weeks, and the referee's conclusion was reached by taking all of such amounts and dividing the total by seven, thus obtaining the average weekly profit. This was the best testimony that it was in the power of the plaintiff to furnish. No books, as stated, having been kept of the firm's transactions, and the defendant having taken and appropriated all the money, she was not in a position to give any more definite or satisfactory evidence, and in the absence of any different statement or account by the defendant, the plaintiff should not be deprived of what, upon even slight evidence, the referee was justified in finding had been earned in the business. It having been found that the plaintiff and defendant were partners, if the testimony of the plaintiff is to be relied upon at all, the conduct of the defendant was most reprehensible, he having put the business from the very outset in his own name, and though the plaintiff was engaged with him in securing profits out of the business, these, when accumulated, were taken and appropriated by the defendant, and except in two instances prior to October, 1888, without rendering any account or giving satisfaction to the plaintiff for her share or portion thereof.

It is also found that in 1888, with the funds of the partnership, in addition to $2,000 contributed by the plaintiff, real estate was purchased, the title of which was taken in the name of the defendant, for which the appellant insists he should not be held accountable, and in which he claims the plaintiff should have no interest.

There are certain facts which militate against plaintiff's statement that this was purchased out of the partnership funds under an agreement that it was to be partnership property — notably the fact that for the $2,000 which she advanced on property taken by the defendant, she received from the latter a mortgage, upon which from time to time she was paid the interest and subsequently the principal. This she explains, however, by her testimony, that the defendant induced her to permit the property to be taken in his name, and that until such time as it could be arranged to be taken in their joint names the mortgage was given her as security for the moneys that she advanced. We see no reason to differ with the conclusion reached by the referee upon the facts here appearing as to the manner in which the property was bought, the uses to which it was put and the occupancy of a portion of it for the conduct of the business and as a home for the parties, it being entirely within his province, upon the conflict presented on the question as to whether this real estate was or was not partnership property, to conclude in favor of the plaintiff.

The rents of this property, though sometimes collected by the plaintiff and sometimes by the defendant, were all retained by the defendant, and though it was found that the partnership terminated on the 26th of September, 1890, the referee upon the accounting allowed the plaintiff her proportion of the rents down to the date when the property was sold, and also credited her with her proportion of the profit realized upon the sale of the house. This the appellant also claims to have been an error, upon the ground that the accounting should not be extended beyond the termination of the co-partnership in September, 1890, as found by the interlocutory judgment. There is no force, however, in this argument, because it is perfectly clear that, while there could be no accounting between the parties in regard to the profits of the business subsequent to the date named, this is an entirely different question from permitting a recovery of what was realized from the use or sale of partnership property acquired prior to the date of dissolution. If, instead of real estate, there had been horses and wagons, or money in bank, at the date of dissolution, it could hardly be claimed that the defendant could take possession of these, and, by renting out the former, or obtaining interest upon the money, retain all these upon the

ground that he was not obliged to account therefor, or for anything subsequent to the date of dissolution.

In addition the appellant claims that an inquiry into or accounting for the real estate was improper upon the reference, upon the grounds, *first*, that the particular transaction was not set out in the complant; and, *second*, that all transactions relating to real property must be in writing. As to the first, it was no more essential to set it out in the complaint than it would have been to have claimed that the partnership had purchased a horse or any other property, it being pertinent on the accounting to determine just what property the partnership had acquired, and that this claim as to the real estate was not an afterthought is shown by the inquiry entered into in reference thereto upon the trial at Special Term. As to the second, it has been held repeatedly that real estate bought with firm money for the use of the firm is firm property, though the title be taken in the name of an individual member (*Baxter* v. *Bell*, 86 N. Y. 195; *Collumb* v. *Read*, 24 id. 505), and this fact may be proved by parol evidence; the Statute of Frauds does not apply. (*Fairchild* v. *Fairchild*, 64 N. Y. 471.) The sole question thus presented is whether the evidence produced sustains the findings of the referee, and whether those findings sustain his conclusions of law; and upon this we find no reason to disturb the decision of the referee.

Another finding of the referee excepted to is that in the month of October, 1888, plaintiff sold to the co-partnership merchandise for which the firm agreed to pay her $300, and upon account of which she was paid the sum of sixty dollars. The value of such property upon the reference was positively testified to by the plaintiff to have been worth the sum found by the referee; and, though it was found that upon the trial a lower value was placed upon it, it was competent on the reference, there being no testimony to the contrary, for the referee to accept the plaintiff's version. In saying that the referee was at fault in finding that sixty dollars was paid upon the goods so sold the appellant is strictly accurate, the testimony being that the defendant did not pay her any money, but instead thereof did discharge a debt which she had incurred in Brooklyn, and which she stated amounted to fifty dollars. The difference between the amounts is small, and is in defendant's

favor, and, therefore, he has no right to complain of a view taken by the referee most favorable to him upon the question of the payment and its amount.

The most unsatisfactory item of credit allowed the plaintiff is in regard to the $3,000 for the good will of the business. The plaintiff testified that such, in her opinion, was the value of the good will; and this was supported by another witness, who, however, was in no way shown to be competent, and whose testimony upon this question is of very little value. In addition, however, the referee has found that the average weekly profits amounted to $154 a week; and this, together with such testimony as was presented, was some evidence, however meagre, upon which to base the finding as to the value of such good will. Upon this question we can but repeat what we have already said. If the best testimony that the plaintiff could give was furnished, as is here shown, and if, as here appears, the defendant failed to meet the case presented against him, abandoning the controversy and leaving his counsel to wage a contest practically alone with the plaintiff and her witnesses, presenting no denial or account, he has no cause to complain if, from such evidence as was furnished, with a view to giving the plaintiff her full rights in the property acquired by their joint energy and labor, the referee has not exceeded his power in reaching conclusions based upon reasonable inferences.

The plaintiff's testimony on all the items included upon the accounting was as clear as the nature of the transactions and the manner in which the firm's dealings were conducted rendered possible; and in most of her claims she is supported by other witnesses, while, on the other hand, the defendant does not himself appear · for examination and presents but a single witness, who knew nothing of the firm's business; and such testimony, with the production of the bank books showing the deposits made by the plaintiff, together with the fact that she received a mortgage in her own name upon the real estate, is the only evidence presented to destroy the force of plaintiff's case. We do not think that she should be punished for the defendant's wrongful acts in appropriating without accounting to her all the moneys and assets of the firm, including the good will, and then when in that position refusing to be examined or

present any account, or make any showing as to the amount or disposition which he had made of the co-partnership property, relying seemingly upon the plaintiff's inability, in the position in which she was placed, ever to present a satisfactory statement upon which she might base her right to recover her just proportion of what resulted from the joint enterprise. In the view of such an attitude, assumed by the defendant, he is not in a position to invoke the court's aid in preventing the plaintiff from getting what justly belongs to her. Upon the whole case, therefore, we do not think that we should seize upon technical or captious objections to disturb a judgment which seems to be right and just.

Judgment affirmed accordingly, with costs.

Follett, J., concurred; Van Brunt, P. J., dissented.

Judgment affirmed, with costs.