### ROSENZWEIG et al. v. KALICHMAN.

#### (City Court of New York, Trial Term. June, 1907.)

TENDER—SUFFICIENCY.

Though, in an action on a composition agreement, a tender must be kept good to be available, yet, where a composition agreement is set up as a defense to a common-law action on the original obligation, and tender thereunder is shown, the tender need not be kept good, where the same was refused.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tender, §§ 55–58.]

Action by Morris Rosenzweig and others against Joseph Kalichman. Motion to direct verdict for plaintiff or for a new trial. Denied.

Joseph Newman, for plaintiff.

Herman J. Rubenstein, for defendant.

WADHAMS, J. There is, in my opinion, sufficient evidence to sustain the verdict in favor of the defendant. The terms of the composition agreement appear to have been carried out and the agreement ratified by payment of the notes first due thereunder. In an action upon the agreement itself a tender would have to be kept good to be available; but where a composition agreement is set up as a defense to a common-law action upon the original obligation, and tender thereunder is shown, such tender need not be kept good where, as here, the tender was refused. As was stated by Judge Earl in Chemical National Bank of N. Y. v. Kohner, 85 N. Y. 189, at page 195:

"But the claim is made on the part of the bank that the compromise agreement was not performed as to it, and hence that it had a right to sue upon the original indebtedness. Kohner, in the first place, tendered to the bank a note indorsed by Goldsmith, as required by the agreement, and it refused to receive it. * * * Having thus repudiated the compromise and refused to accept performance thereof, the plaintiff cannot now allege nonperformance for the purpose of depriving defendants of their defense to this action. After such refusals, the plaintiff could put Kohner in default only by demanding of him the indorsed note, as agreed, or the 25 per cent. in money. Such tender of performance was sufficient to defeat any suit upon the original indebtedness. * * * It appeared, however, that after the plaintiff had refused to accept the note and the certified check Goldsmith destroyed them. * * * The learned counsel for the plaintiff now claims that the tender was unavailing, because it was not kept good. If a suit had been brought upon the composition agreement, a claim that the tender should have been kept good would probably have been a good answer to a defense based upon such tender; but the destruction of the note and check did not destroy the composition agreement. That remained in force until Kohner was in some way put in default. Until such default no action could be maintained upon the original indebtedness. The composition agreement and tender of performance thereof on the part of Kohner is a defense to such action."

The case cited is decisive of this motion. The answer is drawn in conformity with the law stated, and the case was properly submitted to the jury upon the questions of fact as to the compromise.

The motion to direct a verdict for plaintiff or for a new trial must be denied.